Rockingham, }
June, 1897. }

## URCH v. PORTSMOUTH.

A deed of real estate executed by a committee of the city councils in behalf of a municipal corporation will pass title to such premises only as the committee were authorized to convey.

CASE, for injury to a mill privilege. Facts found by the court. The rise of tides causes the water to flow back from the Piscataqua river, through a creek, into a depression in the land located in the easterly part of Portsmouth, forming what is known as the South Mill-pond. For over two hundred years a tide-mill has been maintained and operated just below a highway bridge at the foot of the ·pond. In 1878, noisome vapors and gases arose from the bed of the pond when it was exposed by the falling of the ·tide. To remedy this evil the defendants, on September 1, 1878, purchased the mill with whatever privileges were appurtenant thereto, and, after removing the mill and dam, placed new tide-gates farther up the stream, by which the city has since controlled the water in the pond and, to some extent, remedied the evil.

In 1891, the city councils of Portsmouth authorized a committee to sell and convey "any lands or flats owned by the city, lying directly east of the north and south abutments of the South Mill bridge, between the property of Charles N. Osgood and that of the late James W. Nutter, the city reserving the full width of the present waterway under said bridge over said flats as a tideway." By virtue of this authority the committee, no November 23, 1891, sold and conveyed to one Tucker "all the right, title, and interest of said city in the lot of land and premises situate on the easterly side of South Mill bridge, so called, bounded . . . excepting and reserving to it, said city, the right to build and maintain a sewer or water-course from said bridge to said river, the width of the sluiceway through and under

said bridge." The site of the old tide-mill was within the boundaries described in the deed. The plaintiff acquired Tucker's title, December 7, 1893, and it is the only title he has. The defendants subsequently put an embankment across the pond for a highway and filled in around the pond, materially reducing its capacity to hold water and injuring the mill privilege at the site of the old mill. The plaintiff seeks to recover for this injury.

If, upon the foregoing facts, the plaintiff is entitled to recover, he is to have judgment for damages in the sum of one dollar; otherwise, there is to be judgment for the defendants.

*Calvin Page, John S. H. Frink*, and *Samuel W. Emery*, for the plaintiff.

*Ernest L. Guptill, John W. Kelley, Joshua G. Hall*, and *Eastman, Young & O'Neill*, for the defendants.

PIKE, J. The question whether the waterway over the flats, with the right to use the water flowing in and out of the mill-pond as it was used September 1, 1878, was or could be acquired by the defendants' grantor by prescription, has not been considered. Assuming that it was acquired, it passed to the defendants upon their purchase of September 1, 1878. *Gibson* v. *Brockway*, 8 N. H. 465.

The plaintiff claims that the right to use the water at the old mill-site passed to his grantor by the defendants' deed of November 23, 1891, as an appurtenance to the premises conveyed.

The committee which acted for the defendants in making the sale to the plaintiff's grantor, could give title to only such land as they had been authorized to convey. *Savage* v. *Rix*, 9 N. H. 263; *Backman* v. *Charlestown*, 42 N. H. 125, 129. This authority did not include a sale of the waterway over the flats, above which was the old mill-site, and to which, if to any land, the right in question was appurtenant. In conferring the authority, the defendants expressly reserved " the full width of the present waterway . . . as a tideway." If the deed given to Tucker in behalf of the defendants can properly be construed as including the right claimed by the plaintiff, it did not convey such right because the committee had no right to convey it.

*Judgment for the defendants.*

CHASE, J., did not sit : the others concurred.